IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA              PLAINTIFF/RESPONDENT

v.                          Civil No. 06-2006
                           Criminal No. 90-20026-001

RICHARD HAREN                          DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Richard Haren, a federal inmate, brings this motion under § 2255 to vacate, set aside, or correct sentence. I have not ordered service of process of the motion on the United States.

In 1991, Haren was convicted by a jury of manufacturing amphetamine and conspiracy to distribute amphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C § 2. He was sentenced to 84 months and 240 months, respectively, with the sentences to run consecutively. The Eighth Circuit affirmed. *United States v. Haren*, 952 F.2d 190 (8th Cir. 1992). Haren brought a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The district court denied the motion and the Eighth Circuit affirmed in an unpublished opinion. *United States v. Haren*, 952 F.3d 331, 1995 WL 236772 (8th Cir. 1995). In 2001, the Eighth Circuit denied Haren's request to file a successive habeas application.

In the instant motion, Haren challenges his sentence under *United States v. Booker*, ___U.S. ___, 124 S.Ct. 2531 (2005). Haren relies on 28 U.S.C. § 2255(3) which provides that a federal prisoner may bring a motion within one year of a right newly recognized by the Supreme Court. However, before a second or successive § 2255 motion may be considered by the district court, the

applicant must first move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2255, 2244(b).

I recommend this action be dismissed without prejudice and Haren be advised to proceed in the Eighth Circuit Court of Appeals with a request for an order authorizing the filing in this court of a second or successive § 2255 motion.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific too trigger *de novo* review by the district court.**

DATED this 20th day of January 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE